**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **FABIAN LEAL,** | § | |
| **JAVIER LOPEZ, AND** | § | |
| **RENE J. DE LEON,** | § | |
|     **Plaintiffs** | § | |
| | § | **CIVIL ACTION NO. 7:15-cv-52** |
| **V.** | § | |
| | § | |
| **BERT OGDEN MOTORS, INC.,** | § | |
| **BERT OGDEN CHEVROLET, INC.,** | § | |
| **ROBERT C. VACKAR,** | § | |
| **RENE GUERRA,** | § | |
| **HIDALGO COUNTY, TEXAS,** | § | |
| **AND HIDALGO COUNTY** | § | |
| **SHERIFF'S OFFICE** | § | **JURY TRIAL DEMANDED** |
|     **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Fabian Leal (hereinafter referred to as "Leal"), Javier Lopez (hereinafter referred to as "Lopez"), and Rene J. De Leon (hereinafter referred to as "De Leon"), Plaintiffs in the above styled and numbered cause (collectively "Plaintiffs"), and file this their Original Complaint, complaining of Bert Ogden Motors, Inc., Bert Ogden Chevrolet, Inc., Robert Vackar, Rene Guerra, Hidalgo County, Texas, and Hidalgo County Sheriff's Office (hereinafter referred to collectively as "Defendants"), and for cause of action would show as follows:

### INTRODUCTION

1.     This action seeks equitable relief, actual, special, compensatory and punitive damages, liquidated damages, attorney's fees, expert witness fees, taxable costs of court, pre-judgment and post-judgment interest for violations of federal and Texas law.

## PARTIES

2.     Plaintiff Fabian Leal is a male citizen of the United States, who is a resident of Mission, Hidalgo County, Texas.

3.     Plaintiff Javier Lopez is a male citizen of the United States, who is a resident of Donna, Hidalgo County, Texas.

4.     Plaintiff Rene De Leon is a male citizen of the United States, who is a resident of McAllen, Hidalgo County, Texas.

5.     Bert Ogden Motors, Inc. (hereinafter referred to as "Ogden", "Bert Ogden Motor Group", or "the Company") is a Texas Corporation doing business in the State of Texas.  Service of the Summons and this Complaint may be made by serving its registered agent, Robert C. Vackar, 4221 South Hwy. 281, Edinburg, Texas 78539.

6.     Bert Ogden Chevrolet, Inc. (hereinafter referred to as "Ogden", "Bert Ogden Motor Group", or "the Company") is a Texas Corporation doing business in the State of Texas. Service of the Summons and this Complaint may be made by serving its registered agent, Robert C. Vackar, 4221 South Hwy. 281, Edinburg, Texas 78539.

7.     Robert C. Vackar ("Vacker") is a male citizen of the United States, who is a resident of Fort Worth, Tarrant County, Texas.  Service of the Summons and this Complaint may be made by serving him at his usual place of business, 4221 South Hwy. 281, Edinburg, Texas 78539.

8.     Rene Guerra is a male citizen of the United States, who is a resident of Mission, Hidalgo County, Texas. Service of the Summons and this Complaint may be made by serving him at his usual place of business, 100 North Closner Boulevard, Edinburg, Texas 78539.

2

9.      Hidalgo County, Texas, as a local governmental entity, may be served through its County Judge Ramon Garcia, 302 West University Dr., Edinburg, Texas 78539.

10.     Hidalgo County Sheriff's Office, as a local government entity, may be served through its Sheriff, J.E. "Eddie" Guerra, Hidalgo County Sheriff's Office, 711 El Cibola Road, Edinburg, Texas 78541.

11.     Whenever in this Complaint it is alleged that a Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of the defendant's officers, directors, vice-principals, agents, servants, or employees unless otherwise stated in this Complaint.

## JURISDICTION

12.     The Court has jurisdiction over the lawsuit because the action arises under 42 U.S.C. §1983, 1985, & 1986.

13.     Additionally, the Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's claims of malicious prosecution, intentional infliction of emotional distress, civil conspiracy, and fraud because Plaintiff's' claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

14.     Venue is proper in this district under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## PROCEDURAL REQUISITES

15.     All conditions precedent to filing this cause of action have been met.

## FACTS

16.     Plaintiff, Fabian Leal, was employed by Defendant, Bert Ogden Auto Group, as a General Sales Manager.

17.     Plaintiff, Javier Lopez, was employed by Defendant, Bert Ogden Auto Group, as a New Car Manager.

18.     Plaintiff, Rene De Leon, was employed by Defendant, Bert Ogden Auto Group, as an Aftermarket Manager.

19.     On or about January 2008, shortly after being promoted to the General Sales Manager position, Leal discovered accounting errors in which his department was being billed for the advertising costs of other departments.

20.     These accounting errors caused Leal's sales personnel to be paid less in commissions than they had earned.

21.     Shortly thereafter, Leal reported the discrepancy to the Advertising Manger, Marsha Green Garza.

22.     Within a few days of reporting to Ms. Garza, Leal was contacted by Defendant Robert Vackar ("Vackar"), CEO of Bert Ogden Auto Group, and told to stop looking into the accounting books.

23.     At or about the same time that Leal discovered the accounting errors, he also discovered that Vackar was improperly inflating the prices charged to Ogden customers for warranty packages and pocketing the proceeds.

4

24.     This action by Vacker was not being reported to the shareholders of Ogden and this action by Vacker was not permitted by the shareholders.

25.     Leal reported this finding to his supervisor, Rick Bailey, and was told by Bailey to ignore the discovery.

26.     Leal also told his fellow managers, Lopez and De Leon, about the advertising problems and improper warranty billing, and Lopez and De Leon also expressed their opposition to Defendants about the illegal activity.

27.     On or about April 2008, Mike Kennedy, Chief Financial Officer, discovered that Ogden was being fraudulently charged by, and was paying for, services not completed by Ultimate Truckz.

28.     These charges by Ultimate Truckz cost Ogden approximately $500,000 between March 2005 and April 2008.

29.     Kennedy reported this theft by Ultimate Trucks to Vackar.

30.     District Attorney Rene Guerra (Guerra) and Vackar had a close business and personal relationship during Plaintiffs' employment with Ogden.

31.     During that period, Guerra would receive free automotive service from Vackar's dealerships and Guerra would also receive large discounts on the purchase of automobiles.

32.     Additionally, Vackar and Guerra frequently went on hunting trips together.

33.     On or about May 9, 2008, Vackar contacted Guerra and they conspired to have the Plaintiffs charged with the criminal conduct the Plaintiffs had discovered and reported.

34.     Under the direction of Guerra, members of the Hidalgo County District Attorney's Office and the Hidalgo County Sheriff's Office participated in framing the Plaintiffs, or in the alternative failed to act to prevent the conspiracy against Plaintiffs.

35.     On or about June 18, 2008, the Plaintiffs were unjustly arrested for their alleged participation in the fraud.

35.     On or about June 18, 2008, Plaintiffs were indicted for engaging in criminal activity and theft of property over $200,000.

36.     Over three years later, on August 10, 2011, after eight continuances by Guerra, the case against the Plaintiffs was dismissed for lack of a speedy trial.

37.     However, on or about December 27, 2012, due to pressure from Vackar, the Plaintiffs were unlawfully re-indicted by Guerra for the same alleged crime.

38.     Due to the unlawful second indictment, on or about February 5, 2013, Plaintiff Lopez was arrested following a routine traffic stop.

39.     Shortly thereafter, after learning there was a warrant for their arrest, Plaintiffs Leal and De Leon voluntarily turned themselves in to the authorities.

40.     On or about June 23, 2014, the December 2012 case against the Plaintiffs was dismissed.

### VIOLATIONS OF 42 USC 1983, 1985 & 1986

41.     Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

42.     After Plaintiffs brought the fraudulent practices to Ogden management's attention, Defendant Guerra intentionally and in conspiracy with Vackar, under color of authority, deprived the Plaintiffs of their rights by falsely charging them twice with alleged crimes Guerra knew the Plaintiffs had not committed in violation of 42 U.S.C. § 1983.

43.     As a result of Guerra's actions, the Plaintiffs suffered greatly from loss of employment, the expense of hiring defense counsel, the emotional trauma of being falsely

6

charged with crimes they did not commit, and the damage to their reputations among other injuries.

44.     Defendants acted intentionally and recklessly with a callous indifference to the federally protected rights of the Plaintiffs.

45.     Plaintiffs seek actual, compensatory and punitive damages.

46.     Guerra and Vackar entered into a conspiracy to interfere with the civil rights of the Plaintiffs in violation of 42 U.S.C. § 1985.

47.     Defendants' actions were intentional, with malice, reckless, and without regard to the rights of the Plaintiffs.

48.     Guerra and agents of Hidalgo County failed to prevent the conspiracy to falsely charge the Plaintiffs with criminal conduct in violation of 42 U.S.C. § 1986.

## MALICIOUS PROSECUTION

49.     Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

50.     Defendants conspired to have Plaintiffs falsely charged and prosecuted for crimes they did not commit.

51.     The Plaintiffs were charged and arrested on the false criminal charges.

52.     The charges terminated in the Plaintiffs' favor.

53.     The Plaintiffs were innocent of all alleged crimes which they had been charged.

54.     The Defendants acted with malice.

55.     The Plaintiffs were out of work and had to hire criminal defense attorneys at their own expenses as result of the malicious prosecution.

56.     The Plaintiffs suffered actual damages, general damages and special damages under Texas law and seek those along with exemplary damages, interest and costs and any other remedies provide by Texas law for this cause of action.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

57.     Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

58.     Defendants acted intentionally and recklessly against the Plaintiffs by fabricating false criminal charges.

59.     The Plaintiffs suffered extreme emotional distress.

60.     The Defendants' conduct was extreme and outrageous and proximately caused the Plaintiffs' extreme emotional distress.

61.     Plaintiffs seek actual and exemplary damages, interest and costs under Texas law.

62.     The Defendants' conduct was a continuing action.

## CIVIL CONSPIRACY

63.     Each and every allegation contained in the foregoing paragraphs are realleged as if fully written herein.

64.     Defendants entered into a conspiracy to have Plaintiffs falsely charged with criminal conduct when the Plaintiffs had the temerity to report the criminal and civilly actionable wrongs of Vackar and others at the dealership.

65.     As a result of the Defendants' conspiracy against the Plaintiffs, they suffered actual and exemplary damages under Texas law.

## DISCOVERY RULE AND CONTINUATION

66.     Plaintiffs did not discover the conspiracy against them until they were exonerated the second time and therefore plead the discovery rule for all causes of action to the extent it applies under either federal or Texas law.

67.     Plaintiffs also allege that the Defendants' conduct was a continuing action under federal and Texas law.

## VICARIOUS LIABILITY AND RESPONDEAT SUPERIOR

68.     Defendant Robert Vackar was acting under the scope and authority as the CEO of Bert Ogden Motor Group when the aforementioned events occurred.

69.     Thus, Defendant Bert Ogden and its affiliates are vicariously liable for the acts of Vackar.

70.     Defendant Guerra and members of the Hidalgo County District Attorney's office and the Hidalgo County Sheriff's Office were acting as agents of Hidalgo County.

## ATTORNEY'S & EXPERT FEES & COSTS

71.     Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

72.     Plaintiffs seek attorney fees, expert fees and costs as provided by 42 U.S.C. §1988 or otherwise under federal and Texas law.

## DAMAGES

73.     Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

74.     As a result of Defendants' violations, Plaintiffs seek all remedies provided by federal and Texas law including actual, compensatory, special, general damages

75.     Additionally, since Defendants' actions were committed with reckless indifference to Plaintiffs' federally and state protected rights, Plaintiffs are entitled to recover punitive and or exemplary damages in an amount sufficient to deter Defendants and others similarly situated from this conduct in the future.

## JURY DEMAND

76.     Plaintiffs request a trial by jury on issues triable by a jury in this case.

## PRAYER

WHEREFORE, Plaintiffs Fabian Leal, Javier Lopez, and Rene De Leon, respectfully prays upon final trial hereof, this Court grant them: actual, general, specific and damages, compensatory and punitive damages as allowed by law; liquidated damages as allowed by law, mental anguish damages; reasonable attorney's fees both for the trial of this cause and any and all appeals as may be necessary; all expert witness fees incurred in the preparation and prosecution of this action; prejudgment and post-judgment interest as allowed by law; taxable court costs; nominal, actual and exemplary damages as allowed by federal law and state law and any such additional and further relief that this Court may deem just and proper.

Respectfully submitted,

By:    /s/  Howard T. Dulmage
Howard T. Dulmage
Attorney-in-Charge
SBOT No. 24029526
Federal I.D. No. 28826
Law Offices of Howard T. Dulmage, PLLC
2323 Clear Lake City Blvd., Suite 180 MB186
Houston, Texas 77062
Tel:    281 271-8540
Fax:   832 295-5797

ATTORNEY FOR PLAINTIFFS,
FABIAN LEAL, JAVIER LOPEZ,
AND RENE DE LEON

Of Counsel:

Joseph Y. Ahmad
Ahmad, Zavitsanos & Anaipakos, P.C.
State Bar No. 00941100
Federal I.D. No. 11602
1221 McKinney Street, Suite 3460
Houston, Texas  77010
Telephone:    (713) 655-1101
Telecopier:    (713) 655-0062