IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| FABIAN LEAL, | § | |
| JAVIER LOPEZ, AND | § | |
| RENE J. DE LEON, | § | |
|     Plaintiffs | § | |
| | § | CIVIL ACTION NO. M-15-cv-00052 |
| V. | § | |
| | § | |
| BERT OGDEN MOTORS, INC., | § | |
| BERT OGDEN CHEVROLET, INC., | § | |
| ROBERT C. VACKAR, | § | |
| RENE GUERRA INDIVIDUALLY AND | § | |
| IN HIS OFFICIAL CAPACITY, AND | § | |
| HIDALGO COUNTY, TEXAS, | § | JURY TRIAL DEMANDED |
|     Defendants. | § | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW, Fabian Leal (hereinafter referred to as "Leal"), Javier Lopez (hereinafter referred to as "Lopez"), and Rene J. De Leon (hereinafter referred to as "De Leon"), Plaintiffs in the above styled and numbered cause (collectively "Plaintiffs"), and file this their First Amended Complaint, as a matter of course under Federal Rule of Civil Procedure 15[1], complaining of Bert Ogden Motors, Inc., Bert Ogden Chevrolet, Inc., Robert C. Vackar, Rene Guerra, individual and in his official capacity, and Hidalgo County, Texas, (hereinafter referred to collectively as "Defendants"), and for cause of action would show as follows:

---

[1] On March 19, 2015, Defendants Guerra, Hidalgo County, and Hidalgo County Sheriff's Office filed 12(b)(1) and 12(b)(6) motions to dismiss. A party can amend its pleading once as a matter of course 21 days after service of a motion under Rule 12(b). Fed. R. Civ. P. 15 (a)(1)(B).

## INTRODUCTION

1.      This action seeks equitable relief, actual, special, compensatory and punitive damages, liquidated damages, attorney's fees, expert witness fees, taxable costs of court, pre-judgment and post-judgment interest for violations of federal and Texas law.

## PARTIES

2.      Plaintiff Fabian Leal is a male, Hispanic citizen of the United States, who is a resident of Mission, Hidalgo County, Texas.

3.      Plaintiff Javier Lopez is a male, Hispanic citizen of the United States, who is a resident of Donna, Hidalgo County, Texas.

4.      Plaintiff Rene De Leon is a male, Hispanic citizen of the United States, who is a resident of McAllen, Hidalgo County, Texas.

5.      Bert Ogden Motors, Inc. (hereinafter referred to as "Ogden", "Bert Ogden Motor Group", or "the Company") is a Texas Corporation doing business in the State of Texas. Service of the Summons and this Complaint may be made by serving its registered agent, Robert C. Vackar, 4221 South Hwy. 281, Edinburg, Texas 78539.

6.      Bert Ogden Chevrolet, Inc. (hereinafter referred to as "Ogden") is a Texas Corporation doing business in the State of Texas. Service of the Summons and this Complaint may be made by serving its registered agent, Robert C. Vackar, 4221 South Hwy. 281, Edinburg, Texas 78539.

7.      Robert C. Vackar ("Vackar") is a male, Caucasian citizen of the United States, who is a resident of Fort Worth, Tarrant County, Texas. Service of the Summons and this Complaint may be made by serving him at his usual place of business, 4221 South Hwy. 281, Edinburg, Texas 78539.

8. Rene Guerra ("Guerra"), individual and in his official capacity, is a male citizen of the United States, who is a resident of Mission, Hidalgo County, Texas. This Defendant has appeared in this case.

9. Hidalgo County, Texas, is a local governmental entity. This Defendant has appeared in this case.

10. Whenever in this Complaint it is alleged that a Defendant committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of the defendants' officers, directors, vice-principals, agents, servants, or employees unless otherwise stated in this Complaint.

**JURISDICTION**

11. The Court has jurisdiction over the lawsuit because the action arises under federal law including 42 U.S.C. §§ 1983, 1985, & 1986.

12. Additionally, the Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiffs' claims of malicious prosecution, intentional infliction of emotional distress, civil conspiracy, and fraud because Plaintiffs' claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

13. Venue is proper in this district under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## PROCEDURAL REQUISITES

14. All conditions precedent to filing this cause of action have been met.

## FACTS

15. Plaintiff, Fabian Leal, was employed by Defendant Ogden as a General Sales Manager.

16. Plaintiff, Javier Lopez, was employed by Defendant Ogden as a New Car Manager.

17. Plaintiff, Rene De Leon, was employed by Defendant Ogden as an Aftermarket Manager.

18. On or about January 2008, shortly after being promoted to the General Sales Manager position, Leal discovered accounting errors in which his department was being billed for the advertising costs of other departments.

19. These accounting errors caused Leal's sales personnel to be paid less in commissions than they had earned.

20. Shortly thereafter, Leal reported the discrepancy to the Advertising Manger, Marsha Green Garza.

21. Within a few days of reporting to Ms. Garza, Leal was contacted by Defendant Robert Vackar ("Vackar"), CEO of Ogden companies, and told to stop looking into the accounting books.

22. At or about the same time that Leal discovered the accounting errors, he also discovered that Vackar was improperly inflating the prices charged to Ogden customers for warranty packages and pocketing the proceeds.

23. This action by Vacker was not being reported to the shareholders of Ogden and this action by Vacker was not permitted by the shareholders.

24. Leal reported this finding to his supervisor, Rick Bailey, a male Caucasian, and was told by Bailey to ignore the discovery.

25. Leal also told his fellow managers, Lopez and De Leon, about the advertising problems and improper warranty billing, and Lopez and De Leon also expressed their opposition to Defendants about the illegal activity.

26. On or about April 2008, Mike Kennedy, Chief Financial Officer, a male Caucasian, discovered that Ogden was being fraudulently charged by, and was paying for, services not completed by Ultimate Truckz.

27. These charges by Ultimate Truckz cost Ogden approximately $500,000 between March 2005 and April 2008.

28. Kennedy reported this theft by Ultimate Trucks to Vackar.

29. Kennedy was never a victim of any adverse employment action or any conspiracy to frame him for any criminal conduct he did not commit by Vackar or Rene Guerra.

30. District Attorney Rene Guerra (Guerra), acting both in his individual and official capacity, and Vackar had a close business and personal relationship during Plaintiffs' employment with Ogden.

31. During that period, Guerra would receive free automotive service from Vackar's dealerships and Guerra would also receive large discounts on his purchase of automobiles.

32. Additionally, Vackar and Guerra frequently went on hunting trips together.

33. On or about May 9, 2008, Vackar contacted Guerra and they conspired to have the Plaintiffs charged with the criminal conduct the Plaintiffs had discovered and reported.

34. Additionally, Vackar pressured his subordinates at the Ogden Auto Group to give false testimony against the Plaintiffs.

35. The Plaintiffs were targeted by Vackar because of their Hispanic race and they were treated disparately.

36. During Guerra's approximately thirty years of service working in the Hidalgo County District Attorney's Office, he created a custom where the law enforcement personnel would not question his orders to begin an investigation or arrest a suspect.

37. Using this custom to his advantage and under color of law, Guerra directed the members of the Hidalgo County District Attorney's Office and the Hidalgo County Sheriff's Office to in effect "frame" the Plaintiffs, or in the alternative fail to act to prevent the conspiracy against Plaintiffs for Vackar's crimes.

38. On or about June 18, 2008, the Plaintiffs were unjustly arrested for their alleged participation in the fraud. Plaintiffs were paraded in front of the media in orange jail jumpsuits and shackles by agents of Guerra.

39. On or about June 18, 2008, Plaintiffs were indicted for engaging in criminal activity and theft of property over $200,000.

40. During the pendency of the criminal actions against the Plaintiffs, Assistant District Attorney of Hidalgo County, Joaquin J. Zamora, stated to the Plaintiffs' criminal counsel that he did not believe a case should be brought against the Plaintiffs, but his hands were tied as the order to pursue action against them came from the top.

41. Over three years later, on August 10, 2011, after eight continuances by Guerra, the case against the Plaintiffs was dismissed for lack of a speedy trial.

42. However, on or about December 27, 2012, due to pressure from Vackar, the Plaintiffs were unlawfully re-indicted by Guerra for the same alleged crime.

43. Due to the unlawful second indictment, on or about February 5, 2013, Plaintiff Lopez was arrested following a routine traffic stop.

44. Shortly thereafter, after learning there was a warrant for their arrest, Plaintiffs Leal and De Leon voluntarily turned themselves in to the authorities.

45. On or about June 23, 2014, the case against the Plaintiffs was dismissed.

## VIOLATIONS OF 42 USC §§ 1983, 1985 & 1986

46. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

47. After Plaintiffs brought the fraudulent practices to Ogden management's attention, Defendant Guerra intentionally and in conspiracy with Vackar and Ogden, under color of authority, with a race based animus, and with the intent to deny equal protection, deprived the Plaintiffs of their rights by falsely charging them twice with alleged crimes Guerra knew the Plaintiffs had not committed, in violation of 42 U.S.C. §§ 1983, 1985, & 1986.

48. Guerra, Vackar and Ogden entered into a conspiracy with the intent to deny equal protection to the Plaintiffs in violation of 42 U.S.C. § 1985 (2) and (3).

49. Guerra and agents of Hidalgo County failed to prevent the conspiracy to falsely charge the Plaintiffs with criminal conduct in violation of 42 U.S.C. § 1986.

50. Defendants acted intentionally and recklessly with a callous indifference to the federally protected rights of the Plaintiffs.

51. Guerra acted in an administrative and managerial capacity, when he conspired with Vackar to unlawfully charge the Plaintiffs.

52. A reasonable person would have known that Guerra's actions would infringe on the Plaintiffs' federally protected Constitutional rights.

53. Other members of the Hidalgo County district attorney's office and the investigative officers knew or should have known the charges and indictments were false. Indeed, Assistant District Attorney, Joaquin J. Zamora, acknowledged to the Plaintiffs' criminal counsel that he was just following orders from the top while stating the Plaintiffs should not have been charged.

54. As a result of Guerra and Vackar's actions, the Plaintiffs suffered greatly from loss of employment, the expense of hiring criminal defense counsels, the emotional trauma of being falsely charged with crimes they did not commit, and the damage to their reputations among other injuries.

55. Plaintiffs seek actual, compensatory and punitive damages.

## MALICIOUS PROSECUTION

56. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

57. Defendants Vackar, Ogden and Guerra conspired to have Plaintiffs falsely charged and prosecuted for crimes they did not commit.

58. The Plaintiffs were charged and arrested on the false criminal charges.

59. The charges terminated in the Plaintiffs' favor.

60. The Plaintiffs were innocent of all alleged crimes with which they had been charged.

61. The Defendants acted with malice.

62. The Plaintiffs were out of work and had to hire criminal defense attorneys at their own expense as result of the malicious prosecution.

63. The Plaintiffs suffered actual damages, general damages and special damages under Texas law and seek those along with exemplary damages, interest and costs and any other remedies provide by Texas law for this cause of action.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

64. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

65. Defendants Vackar, Ogden and Guerra acted intentionally and recklessly against the Plaintiffs by fabricating false criminal charges.

66. The Plaintiffs suffered extreme emotional distress.

67. The Defendants' conduct was extreme and outrageous and proximately caused the Plaintiffs' extreme emotional distress.

68. Plaintiffs seek actual and exemplary damages, interest and costs under Texas law.

69. The Defendants' conduct was a continuing action.

## CIVIL CONSPIRACY

70. Each and every allegation contained in the foregoing paragraphs are reallaged as if fully written herein.

71. Defendants Vackar, Ogden and Guerra entered into a conspiracy to have Plaintiffs falsely charged with criminal conduct when the Plaintiffs had the temerity to report the criminal and civilly actionable wrongs of Vackar and others at the dealership.

72. As a result of the Defendants' conspiracy against the Plaintiffs, they suffered actual and exemplary damages under Texas law.

## DISCOVERY RULE AND CONTINUATION

73. Each and every allegation contained in the foregoing paragraphs are reallaged as if fully written herein.

74. Plaintiffs did not discover the conspiracy against them until they were exonerated the second time and therefore plead the discovery rule for all causes of action to the extent it applies under either federal or Texas law.

75. Plaintiffs also allege that the Defendants' conduct was a continuing action under federal and Texas law.

## VICARIOUS LIABILITY AND RESPONDEAT SUPERIOR

76. Each and every allegation contained in the foregoing paragraphs are reallaged as if fully written herein.

77. Defendant Robert Vackar was acting under the scope and authority as the CEO of Bert Ogden Motor Group when the aforementioned events occurred.

78. Thus, Defendant Bert Ogden and its affiliates are vicariously liable for the acts of Vackar.

79. Defendant Guerra of the Hidalgo County District Attorney's office were acting as final policy maker for Hidalgo County.

## ATTORNEY'S & EXPERT FEES & COSTS

80. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

81. Plaintiffs seek attorney fees, expert fees and costs as provided by 42 U.S.C. §1988 or otherwise under federal and Texas law.

## DAMAGES

82. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

83. As a result of Defendants' violations, Plaintiffs seek all remedies provided by federal and Texas law including actual, compensatory, special, general damages

84. Additionally, since Defendants' actions were committed with reckless indifference to Plaintiffs' federally and state protected rights, Plaintiffs are entitled to recover punitive and or exemplary damages in an amount sufficient to deter Defendants and others similarly situated from this conduct in the future.

## JURY DEMAND

85. Plaintiffs request a trial by jury on issues triable by a jury in this case.

## PRAYER

WHEREFORE, Plaintiffs Fabian Leal, Javier Lopez, and Rene De Leon, respectfully prays upon final trial hereof, this Court grant them: actual, general, specific and damages, compensatory and punitive damages as allowed by law; liquidated damages as allowed by law, mental anguish damages; reasonable attorney's fees both for the trial of this cause and any and all appeals as may be necessary; all expert witness fees incurred in the preparation and prosecution of this action; prejudgment and post-judgment interest as allowed by law; taxable court costs; nominal, actual and exemplary damages as allowed by federal law and state law and any such additional and further relief that this Court may deem just and proper.

                        Respectfully submitted,

By:   /s/ Howard T. Dulmage
       Howard T. Dulmage
       Attorney-in-Charge
       SBOT No. 24029526
       Federal I.D. No. 28826
       Law Offices of Howard T. Dulmage, PLLC
       2323 Clear Lake City Blvd., Suite 180 MB186
       Houston, Texas 77062
       Tel:    281 271-8540
       Fax:   832 295-5797

       ATTORNEY FOR PLAINTIFFS,
       FABIAN LEAL, JAVIER LOPEZ,
       AND RENE DE LEON

Of Counsel:

Joseph Y. Ahmad
Ahmad, Zavitsanos, Anaipakos,
     Alavi & Mensing P.C.
Texas Bar No. 00941100
SDTX I.D. No. 11602
1221 McKinney Street, Suite 3460
Houston, Texas 77010
Telephone:   (713) 655-1101
Telecopier:   (713) 655-0062

**CERTIFICATE OF SERVICE**

  I certify that on this the 9th day of April, 2015, a true and correct copy of the above and foregoing was forwarded through the Electronic Case Filing System and/or via Certified Mail, Return Receipt Requested, via First Class Mail, or via e-mail, to all counsel of record.

  Preston Henrichson
  Law Offices of Preston Henrichson, P.C.
  Edinburg, Texas 78539
  Telephone: (956) 383-3535
  Fax: (959) 383-3585
  preston@henrichsonlaw.com

  Marissa Carranza Hernandez
  Mach Attorney at Law
  205 East Mahl
  Edinburg, Texas 78539
  Telephone: (956) 386-9733
  Fax: (956) 386-9882
  marissa@machattorney.com

           */s/ Howard T. Dulmage*
           Howard T. Dulmage