IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| FABIAN LEAL, JAVIER LOPEZ AND RENE J. DE LEON, <br> Plaintiffs, <br> v. <br><br> BERT OGDEN MOTORS, INC., BERT OGDEN CHEVROLET, INC., ROBERT C. VACKAR, RENE GUERRA, HIDALGO COUNTY, TEXAS AND HIDALGO COUNTY SHERIFF'S OFFICE, <br> Defendants. | § § § § § § § § § § § § | C.A. NO. 7:15-cv-52 |

**DEFENDANT BERT OGDEN MOTORS, INC., BERT OGDEN CHEVROLET, INC. AND ROBERT C. VACKAR'S ORIGINAL ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEFENDANT BERT OGDEN CHEVROLET, INC.'S ORIGINAL COUNTERCLAIM**

Defendants Bert Ogden Motors, Inc., Bert Ogden Chevrolet, Inc. and Robert C. Vackar ("Defendants") file this Original Answer to Plaintiffs' First Amended Complaint and Defendant Bert Ogden Chevrolet, Inc.'s Original Counterclaim and respectfully show the Court the following:

**1.**
**Defendants' Original Answer**

1.1   The Defendants deny that the Plaintiffs are entitled to recover for any of the causes of action asserted in paragraph 1 of the Complaint. However, the Defendants admit that such claims, while misplaced and without merit, have been asserted.

1.2   At this time, based on information and belief, the Defendants do not contest Plaintiffs' assertion in Paragraph 2 that Plaintiff Fabian Leal resides in Hidalgo County.

1.3   At this time, based on information and belief, the Defendants do not contest Plaintiffs' assertion in Paragraph 3 that Plaintiff Javier Lopez resides in Hidalgo County.

1.4     At this time, based on information and belief, the Defendants do not contest Plaintiffs' assertion in Paragraph 4 that Plaintiff Rene De Leon resides in Hidalgo County.

1.5     Defendants admit the allegations contained in paragraph 5.

1.6     Defendants admit the allegations contained in paragraph 6.

1.7     Defendants deny the allegations contained in paragraph 7 to the extent that the Plaintiffs allege that the Defendant Vackar resides in Forth Worth, Tarrant County, Texas. The Defendants admit the balance of paragraph 7.

1.8     The Defendants admit the allegations contained in paragraph 8.

1.9     Defendants admit the allegations contained in paragraph 9.

1.10    Defendants deny that Plaintiffs statement in paragraph 10 is a correct statement of the law.

1.11    Defendants admit that the Plaintiffs have alleged claims arising under 42 U.S.C. §§ 1983 and 1985.

1.12    Defendants admit that the Court has supplemental jurisdiction over the alleged tort claims and claims arising under 42 U.S.C.§§ 1983 and 1985 asserted by the Plaintiffs against Defendant Vackar, Defendant Bert Ogden Motors, Inc. and Defendant Bert Ogden Chevrolet, Inc.

1.13    The Defendants admit that the conduct asserted by the Plaintiffs has been alleged to have occurred in Hidalgo County, Texas.

1.14    Defendants deny the allegations in paragraph 14.

1.15    Defendants deny the allegations in paragraph 15 to the extent that the Plaintiffs have defined "Ogden" as consisting of both Defendant Bert Ogden Motors, Inc. and Bert Ogden Chevrolet, Inc.  The Defendants admit that the Plaintiff Leal was employed by Bert Ogden Chevrolet, Inc. as a General Sales Manager, but deny he was so employed with Bert Ogden Motors, Inc.

1.16 Defendants deny the allegations in paragraph 16 to the extent that the Plaintiffs have defined "Ogden" as consisting of both Defendant Bert Ogden Motors, Inc. and Bert Ogden Chevrolet, Inc. The Defendants admit that the Plaintiff Lopez was employed by Bert Ogden Chevrolet, Inc. as a New Car Manager, but deny he was so employed with Bert Ogden Motors, Inc.

1.17 Defendants deny the allegations in paragraph 17 to the extent that the Plaintiffs have defined "Ogden" as consisting of both Defendant Bert Ogden Motors, Inc. and Bert Ogden Chevrolet, Inc. The Defendants admit that the Plaintiff De Leon was employed by Bert Ogden Chevrolet, Inc. as an Aftermarket Manager, but deny he was so employed with Bert Ogden Motors, Inc.

1.18 Defendants deny the allegations in paragraph 18.

1.19 Defendants deny the allegations in paragraph 19.

1.20 Defendants deny the allegations in paragraph 20.

1.21 Defendants deny the allegations in paragraph 21.

1.22 Defendants deny the allegations in paragraph 22.

1.23 Defendants deny the allegations in paragraph 23.

1.24 Defendants deny the allegations in paragraph 24.

1.25 Defendants deny the allegations in paragraph 25.

1.26 Defendants deny that Mike Kennedy was the individual who discovered the criminal action and further deny that the fraud involved both Bert Ogden Motors, Inc. and Bert Ogden Chevrolet, Inc. as defined by the Plaintiffs. The Defendants admit that Bert Ogden Chevrolet, Inc. was defrauded by Ultimate Truckz in a conspiracy with the Plaintiffs.

1.27 Defendants deny that the fraud involved both Bert Ogden Motors, Inc. and Bert Ogden Chevrolet, Inc. as defined by the Plaintiffs. The Defendant admit that Bert Ogden Chevrolet,

3

Inc. was defrauded by Ultimate Truckz in a conspiracy with the Plaintiffs, but deny the amount of the loss as stated by Plaintiffs.

1.28   Defendants deny the allegations in paragraph 28.

1.29   Defendants deny the allegations in paragraph 29.

1.30   Defendants deny the allegations in paragraph 30.

1.31   Defendants deny the allegations in paragraph 31.

1.32   Defendants deny the allegations in paragraph 32.

1.33   Defendants deny the allegations in paragraph 33.

1.34   Defendants deny the allegations in paragraph 34.

1.35   Defendants deny the allegations in paragraph 35.

1.36   Defendants deny the allegations in paragraph 36.

1.37   Defendants deny the allegations in paragraph 37.

1.38   Defendants deny the allegations in paragraph 38.

1.39   Defendants admit the Plaintiffs were indicted for engaging in "organized criminal activity" and "theft in the amount of $200,000 or more."

1.40   Defendants deny the allegations in paragraph 40.

1.41   Defendants deny the allegations in paragraph 41.

1.42   Defendants deny the allegations in paragraph 42.

1.43   Defendants deny the allegations in paragraph 43.

1.44   Defendants deny the allegations in paragraph 44.

1.45   Defendants deny the allegations in paragraph 45.

1.46   Defendants deny the allegations in paragraph 46.

1.47   Defendants deny the allegations in paragraph 47.

1.48   Defendants deny the allegations in paragraph 48.

4

1.49    Defendants deny the allegations in paragraph 49.

1.50    Defendants deny the allegations in paragraph 50.

1.51    Defendants deny the allegations in paragraph 51.

1.52    Defendants deny the allegations in paragraph 52.

1.53    Defendants deny the allegations in paragraph 53.

1.54    Defendants deny the allegations in paragraph 54.

1.55    Defendants deny that the Plaintiffs are entitled to recover damages, but admit that the allegations described in paragraph 55 have been asserted.

1.56    Defendants deny the allegations in paragraph 56.

1.57    Defendants deny the allegations in paragraph 57.

1.58    Defendants deny the allegations in paragraph 58.

1.59    Defendants deny the allegations in paragraph 59.

1.60    Defendants deny the allegations in paragraph 60.

1.61    Defendants deny the allegations in paragraph 61.

1.62    Defendants deny the allegations in paragraph 62.

1.63    Defendants deny the allegations in paragraph 63.

1.64    Defendants deny the allegations in paragraph 64.

1.65    Defendants deny the allegations in paragraph 65.

1.66    Defendants deny the allegations in paragraph 66.

1.67    Defendants deny the allegations in paragraph 67.

1.68    Defendants deny the allegations in paragraph 68.

1.69    Defendants deny the allegations in paragraph 69.

1.70    Defendants deny the allegations in paragraph 70.

1.71    Defendants deny the allegations in paragraph 71.

1.72   Defendants deny the allegations in paragraph 72.

1.73   Defendants deny the allegations in paragraph 73.

1.74   Defendants deny the allegations in paragraph 74.

1.75   Defendants deny the allegations in paragraph 75.

1.76   Defendants deny the allegations in paragraph 76.

1.77   Defendants deny the allegations in paragraph 77.

1.78   Defendants deny the allegations in paragraph 78.

1.79   Defendants deny the allegations in paragraph 79.

1.80   Defendants deny the allegations in paragraph 80.

1.81   Defendants deny the allegations in paragraph 81.

1.82   Defendants deny that the Plaintiffs are entitled to any of the damages sought in this complaint as set out in paragraphs 82, 83, 84 and the "Prayer".

1.83   Defendants admit the Plaintiffs have demanded a jury.

## 2. Affirmative Defenses

2.1   Pleading further, and without waiving any of the foregoing, Defendants assert that the Plaintiffs claims are barred by the applicable statute of limitations.

2.2   Pleading further, and without waiving any of the foregoing, Defendants assert that Texas Civil Practice and Remedies Code §41.001, *et. seq.*, applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law.  Further, unless Plaintiffs prove Defendants' liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

### 3. Original Counterclaim

Pursuant to FRCP 13, Counter-Plaintiff Bert Ogden Chevrolet, Inc. ("Counter-Plaintiff") brings this counterclaim against Counter-Defendants Fabian Leal, Javier Lopez and Rene J. De Leon (collectively "Counter-Defendants") for fraud, liability under the Texas Theft Liability Act and civil conspiracy and for such causes of action shows:

### Parties

3.1     The Counter-Plaintiff was at all times relevant to this Original Counterclaim, the employer of the Counter-Defendants.

3.2     The Counter-Defendant Leal ("Leal") was employed by Counter-Plaintiff as a General Sales Manager.

3.3     The Counter-Defendant Lopez ("Lopez") was employed by Counter-Plaintiff as a New Car Manager.

3.4     The Counter-Defendant De Leon ("De Leon") was employed by Counter-Plaintiff as an Aftermarket Manager.

### Background of Tortious Conduct

3.5     In their course of the employment with the Counter-Plaintiff, the Counter-Defendants entered into a conspiracy with Ezequiel Rodriguez, the owner of a company operating as "Ultimate Trukz, Inc." ("Rodriguez") to defraud and steal funds belonging to Counter-Plaintiff.

3.6     During the end of April 2008 and into early May 2008, the Counter-Plaintiff's service department began to see a pattern of vehicles brought into the shop for repairs by customers which showed a vehicle history of an aftermarket installed dash kit which was not found to be installed in the vehicle.

3.7     An internal search revealed at least 650 vehicles which had been sold over the prior two year period with a dash kit purportedly added to the vehicle by Rodriguez. Each of the vehicles

7

identified by the service department as having the phantom dash kits had likewise allegedly been serviced by Rodriguez.

3.8    An investigation of the scheme by Counter-Plaintiff revealed that Rodriguez, as part of the conspiracy with the Counter-Defendants, had caused invoices to be submitted and paid for work which had never been completed.

3.9    The scheme required that De Leon initiate a manual purchase order for each dash kit allegedly (but not actually installed) on a particular new vehicle sold. An actual stock number from a vehicle which had been sold was used by De Leon on the purchase order.

3.10    Once the manual purchase order was generated, De Leon would cause a computerized repair order and purchase order to be issued for the installation of the dash kit showing Ultimate Trukz, Inc. as the vendor. The manual purchase order was then attached to the repair order.

3.11    During the recapitulation of the sales transaction, Leal and/or Lopez would add the term "dash kit" or "dk" to the vehicle cost information on the Counter-Plaintiff's computer system. This added charge would trigger a charge against the gross receipt. This transaction was required to permit the accounting department to allocate funds to pay the Rodriguez invoice once it was submitted and to show an appropriate net balance within the accounting system.

3.12    Rodriguez would then submit a $550.00 invoice to Counter-Plaintiff for the allegedly installed dash kit.

3.13    Once the Rodriguez invoice was submitted, Counter-Plaintiff would issue payment to Rodriguez.

3.14    As the General Sales Manager, Leal was the person charged by Counter-Plaintiff to review the ongoing business operations to ensure that such misconduct could not occur. However, rather than prevent such thefts, Leal was a willing participant in the scheme and division of the stolen proceeds.

8

3.15     After payment by Counter-Plaintiff, Rodriguez would keep $125.00 of the proceeds and remit the difference to the Counter-Defendants as their share of the stolen proceeds.

3.16     None of the allegedly installed dash kits were billed to the customers on whose vehicles they were allegedly installed.

3.17     As noted above, this scheme was repeated on many hundreds of vehicles and was the proximate and producing cause of substantial financial loss to the Counter-Plaintiff.

### Fraud

3.18     Counter-Plaintiff incorporates paragraphs 3.1-3.17 above.

3.19     In connection with the scheme described above, the Counter-Defendants committed fraud by making material misrepresentations with knowledge of their falsity and with the intention that they should be acted upon by Counter-Plaintiff.  Counter-Plaintiff relied upon such misrepresentations and thereby suffered injury.  Accordingly, Counter-Plaintiff is entitled to recover its actual damages, exemplary damages, and prejudgment interest.

### Texas Theft Liability Act

3.20     Counter-Plaintiff incorporates paragraphs 3.1-3.17 above.

3.21     Counter-Defendants are liable to Counter-Plaintiff under the Texas Theft Liability Act. Specifically:

1. Counter-Plaintiff had a possessory right to the funds wrongfully taken by Counter-Defendants;
2. Counter-Defendants took money belonging to Counter-Plaintiff and to which Counter-Defendants had no claim or authorization to take;
3. The original taking of the money was done so with the intent to deprive Counter-Plaintiff of its use, and was intentional; and
4. Counter-Plaintiff sustained damages as a result of the theft.

3.22 Accordingly, Counter-Plaintiff is entitled to recover its damages, together with prejudgment interest and attorneys' fees.

### Civil Conspiracy

3.23 Counter-Plaintiff incorporates paragraphs 3.1-3.22 above.

3.24 The Counter-Defendants are liable to the Counter-Plaintiff in that they conspired to engage in the tortious conduct set forth in paragraphs 3.1-3.22 above.

3.25 The Counter-Defendants' were each members of a scheme to acquire money belonging to the Counter-Plaintiff by misusing their employment positions with the Counter-Plaintiff. The details of this scheme are set out above and related to the use of false claims of work by a third party vendor with whom each of the Counter-Defendants intentionally conspired to share in the ill-gotten proceeds.

3.26 The Counter-Plaintiff suffered an economic injury as a result of the Counter-Defendants' wrongful conduct.

### Damages

3.27 As a proximate result of the Counter-Defendants' wrongful acts, the Counter-Plaintiff sustained economic damages in excess of $350,000.00. The Counter-Plaintiff is entitled to recover such damages, together with prejudgment interest, attorney's fees and exemplary damages.

WHEREFORE, PREMISES CONSIDERED, Defendants Robert C. Vackar, Bert Ogden Motors, Inc. and Bert Ogden Chevrolet, Inc. pray that Plaintiffs take nothing by reason of their suit herein and that they have judgment in their favor on all issues of law and fact, and that Defendants recover their costs expended herein, and for such other and further relief, general or special, at equity or in law, to which the Defendants may be justly entitled. In addition, the Defendant Bert Ogden Chevrolet, Inc. seeks recovery of its actual damages as a result of the Plaintiffs' conduct set out in the counterclaim, prejudgment and post judgment interest, costs of suit and exemplary damages.

Respectfully submitted,

_____
Dan K. Worthington
SBOT: 00785282/SDTEX: 15353
Attorney in Charge for Defendant
ATLAS, HALL & RODRIGUEZ, LLP
818 Pecan Blvd. (78501)
P.O. Box 3725
McAllen, Texas 78502-3725
Telephone: 956-682-5501
Fax: 956-686-6109

**ATTORNEY FOR DEFENDANTS ROBERT C. VACKAR, BERT OGDEN MOTORS, INC. AND BERT OGDEN CHEVROLET, INC.**

Of Counsel:

Charles C. Murray
SBOT: 14719700/SDTEX: 1214
ATLAS, HALL & RODRIGUEZ, LLP
818 Pecan Blvd. (78501)
P.O. Box 3725
McAllen, Texas 78502-3725
Telephone: 956-682-5501
Fax: 956-686-6109

**CERTIFICATE OF SERVICE**

    I certify that a true and correct copy of the foregoing was duly served upon counsel of record by electronic filing and/or certified mail, return receipt requested, facsimile or hand delivery on April 20, 2015, as follows:

Howard T. Dulmage
Law Office of Howard T. Dulmage, PLLC
2323 Clear Lake Blvd., Suite 180 MB 186
Houston, Texas 77062
Tel: (281) 271-8540
Fax: (832) 295-5797

Preston Henrichson
Law Offices of Preston Henrichson, P.C.
222 West Cano
Edinburg, Texas 78539
Tel: (956) 383-3535
Fax: (956) 383-3585

                                                                     _____
                                                                     Dan K. Worthington