IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| FABIAN LEAL, JAVIER LOPEZ AND | § | |
| RENE J. DE LEON, | § | |
|     Plaintiffs | § | |
| | § | |
| V. | § | |
| | § | |
| BERT OGDEN MOTORS, INC., BERT | § | CIVIL ACTION NO. M-15-cv-00052 |
| OGDEN CHEVROLET, INC., ROBERT | § | |
| C. VACKAR, RENE GUERRA, | § | |
| INDIVIDUALLY AND IN HIS | § | |
| OFFICIAL CAPACITY and HIDALGO | § | |
| COUNTY, TEXAS | § | |
|     Defendants | § | |

<u>DEFENDANTS RENE GUERRA, HIDALGO COUNTY, TEXAS'S REPLY TO PLAINTIFFS'
RESPONSE TO THEIR RULE 12(b)(1) MOTION TO DISMISS FOR WANT TO OF
JURISDICTION AND RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A
CLAIM</u>

TO THE HONORABLE JUDGE OF SAID COURT:

    NOW COME RENE GUERRA, Defendant, ("Guerra"), and Defendant HIDALGO COUNTY, TEXAS ("County") (sometimes jointly referred to as "County Defendants"), in the above-entitled and numbered cause and file this, their Reply to Plaintiffs' Response to their Motion to Dismiss for Want of Jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6), and in support of same, would show the Court as follows:

1.0 BACKGROUND

1.1   Plaintiffs' First Amended Complaint (Dkt. #10) fails to defeat County Defendants' motion to dismiss.

1.2   Plaintiffs' First Amended Complaint realleges their action under 42 USC § 1983 for violation of their constitutional civil rights, 42 USC § 1985 (Conspiracy to Interfere with Civil Rights) and § 1986 (Action for Neglect to Prevent Conspiracy). Plaintiffs newly allege denial of their rights of equal protection and allege a racial animus in connection with their civil conspiracy claims, although they still fail to identify the specific civil right(s) allegedly violated under § 1983. Plaintiffs continue to urge state tort claims for malicious prosecution, intentional infliction of emotional distress and civil conspiracy. Plaintiffs have dropped their claims against Hidalgo County Sheriff's Office and clarified that they bring their suit against Defendant Rene Guerra in both his individual and official capacities.

2.0 SUMMARY OF MOTION

2.1   Plaintiffs' First Amended Complaint still fails to state any claims upon which relief can be granted against Defendants Guerra and County. Accordingly, their lawsuit should be dismissed against these Defendants. Additionally, this Court lacks subject matter jurisdiction over Plaintiffs' claims against these Defendants and this suit should be dismissed for that reason.

3.0 ARGUMENT AND AUTHORITIES

3.1   County Defendants reassert and reaver the arguments and defenses alleged in their Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss (Dkt. #4).

3.2   **Plaintiffs' claims under 42 U.S.C. §§ 1985 and 1986 should still be dismissed.** Plaintiffs assert claims under 42 U.S.C. § 1985(2) and 42 U.S.C. § 1985(3) against Defendants for conspiracy to violate Plaintiffs' constitutional rights. Plaintiffs further assert claims under 42

U.S.C. § 1986 against Defendants Guerra and County for failing to prevent such alleged conspiracy.

3.4     The first part of 42 U.S.C. § 1985(2) which pertains to, *inter alia*, influencing grand juries, applies only to federal grand juries. *Kush v. Rutledge*, 460 U.S. 719, 724, 75 L. Ed. 2d 413, 103 S. Ct. 1483 (1983). The second part of § 1985(2), which applies to obstructing justice in state courts, requires that the conspiracy be motivated by an intent to deny equal protection. *Id.*

3.5     42 U.S.C. § 1985(3) applies to conspiracies to deny equal protection of the laws, and requires that there be some racial or other class-based animus behind the conspiracy. *United Brotherhood of Carpenters v. Scott*, 463 U.S. 825, 834 (1983).

3.6     Despite amending their pleading to support their § 1985 causes of action, Plaintiffs fail to allege any plausible facts which support claims of a conspiracy based on an intent to deny equal protection of the laws, or one motivated by a racial or class-based animus against Defendant Guerra.  Plaintiffs allege only that they are Hispanic and were targeted by Defendant Vackar because of their Hispanic race (Dkt. # 10, ¶ 35), but make no such allegation against Defendant Guerra, who is also Hispanic.

3.7      Further, Plaintiffs allege no facts necessary to show any agreement between Defendant Vackar and Defendant Guerra to deny them equal protection of the laws, or facts to show that there was a meeting of the minds. Plaintiffs only allege that Defendants Vackar and Guerra had a close personal relationship (Dkt. #10, ¶ 30), that Defendant Guerra would receive free automotive service from Vackar's dealerships and large discounts on automobile purchases ((Dkt. #10, ¶ 31), that Defendants Vackar and Guerra frequently went on hunting trips together (Dkt. #10, ¶ 32), and that on or about May 9, 2008 Vackar contacted Guerra and they "conspired

to have Plaintiffs charged with criminal conduct the Plaintiffs had discovered and reported." (Dkt. #10, ¶ 33). The conspiracy not only must have as its purpose the deprivation of "equal protection of the laws, or of equal privileges and immunities under the laws," but (for purposes of 42 U.S.C. § 1985(3)) must also be motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *United Bhd. of Carpenters and Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 828-29 (1983). Plaintiffs' amended pleading contains no material facts to give credence to any allegation that Defendant Guerra was so motivated by an invidiously discriminatory animus against persons of his own ethnicity that he participated in a conspiracy to deny Plaintiffs equal protection of the laws. Plaintiffs' allegations of a conspiracy are entirely conclusory and speculative and, as such, will not suffice to survive a motion to dismiss. See, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). "Mere conclusory allegations of conspiracy cannot, absent reference to material facts, survive a motion to dismiss."). *Morrison v. Baton Rouge*, 761 F.2d 242 (5th Cir. La. 1985), citing *Arsenaux v. Roberts*, 726 F.2d 1022, 1023 (5th Cir. 1982).

   3.8  Alternatively, Plaintiffs' § 1985 claims against Defendant Guerra should be dismissed, because Defendant Guerra has absolute immunity from liability in civil rights suits for any action taken in connection with a judicial proceeding. See Defendants' immunity arguments presented in Paragraph 3.11 below.

   3.9  Alternatively, Plaintiffs' § 1985 claims against Defendant County should be dismissed, because Plaintiffs cannot prove that Defendant Guerra's actions were an official custom or policy of Hidalgo County. See Defendants' custom or policy arguments presented in Paragraph 3.12 below.

3.10   Accordingly, Plaintiffs still fail to assert a claim under 42 U.S.C. § 1985 upon which relief can be granted and such claims should be dismissed. Furthermore, a cause of action under 42 U.S.C. § 1986 is premised on a violation of 42 U.S.C. § 1985; thus, where Plaintiffs cannot maintain a claim under 42 U.S.C. § 1985, their § 1986 claim must fail as well.

3.11   **Defendant Guerra's Immunity.**   Citing *Castellano v. Fragoso*, 352 F.3d 939, 958 (5th Cir. 203), Plaintiffs argue that Defendant Guerra is not entitled to absolute immunity because he can be held liable for non-testimonial pretrial actions such as the fabrication of evidence. Although Plaintiffs have alleged a conspiracy to deny them equal protection because of their race and to frame them for the criminal conduct for which they were prosecuted, they have alleged no material facts to support such conspiracy, or to explain why they assert that their prosecution was based on fabricated evidence. Further, Plaintiffs have not alleged that Defendant Guerra (rather than the Hidalgo County Sheriff's Office, as is the norm) conducted the investigation into Defendant Ogden's complaints of theft.

3.12   Although some courts have held that prosecutors are not entitled to absolute immunity when performing administrative or investigative functions, others have applied absolute immunity to a prosecutor's actions in initiating, investigating and pursuing a criminal prosecution. *Cook v. Houston Post,* 616 F.2d 791, 793 (5th Cir. 1980) (noting approval of the district court's statement that "[n]ot all of an advocate's work is done in the courtroom. For a lawyer to properly try a case, he must confer with witnesses, and conduct some of his own factual investigation."). Prosecutors also enjoy absolute immunity when acting in their role as advocates for the state, including *actions taken before the initiation of a prosecution and away from the courtroom* [emphasis added]. *Cousin v. Small*, 325 F.3d 627, 632 (5th Cir.), *cert. denied*, 540 U.S. 826 (2003). This immunity is not defeated by showing that the prosecutor acted

wrongfully, or even maliciously. *Imbler v. Pachtman*, 424 U.S. 409, 427 n. 27, 9 (1976); *see also Cousin*, 325 F.3d at 635 (holding that the suppression of significant exculpatory evidence is shielded by absolute immunity); *Graves v. Hampton*, 1 F.3d 315, 318 n. 9 (5th Cir. 1993) ("A prosecutor is immune, however, even if accused of knowingly using perjured testimony."); *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991) (under § 1983 absolute immunity is not defeated by "personal interest, bad faith, or outright malevolence"). In these regards, Plaintiffs have not shown that Defendant Guerra was not acting as an advocate for the state in any actions he may have undertaken before the initiation of Plaintiffs' prosecution, even if he acted wrongfully or maliciously. Additionally, where a prosecutor is otherwise entitled to absolute immunity, he cannot be liable for alleged conspiracy. *See, Shipula v. Tex. Dep't of Family Protective Servs.*, 2011 U.S. Dist. LEXIS 52632 (S.D. Tex. May 17, 2011), citing *Mowbray v. Cameron County, Tex.*, 274 F.3d 269, 277 (5th Cir. 2001).

  3.13 Plaintiffs further attempt to defeat prosecutorial immunity by alleging that agents of Guerra "paraded [Plaintiffs] in front of the media in orange jail jumpsuits and shackles" (Dkt. #10, ¶ 38) and relying on the Supreme Court's holding that prosecutors do not enjoy immunity for false statements made in press conferences in *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). However, nowhere in their amended complaint do Plaintiffs allege that the event at which Plaintiffs were "paraded" was anything more than their appearance in court, let alone a press conference. Neither do Plaintiffs allege that Defendant Guerra or his agents made any statements to the press on the occasion in question. As a result, Plaintiffs' argument in this respect fails.

  3.14 **Municipal Custom or Policy.** Plaintiffs are mistaken in their belief that Defendant Guerra is a final policymaker for Hidalgo County. Their reliance on *Brown v. Lyford*, 243 F.3d 185, 192 (5th Cir. 2001) is misplaced. The *Brown* opinion noted that Brown had

conceded that under *Esteves* Lyford [the district attorney] was not a final policymaking official for the county, because he was enforcing state rather than county law, but that Brown sought to invoke the exception to *Esteves* permitting *Monell* liability for those duties of a prosecutor which are administrative or managerial in nature. The *Brown* court offered the hiring and firing of employees within the district attorney's office as an example the type of act for which district attorney sets county policy. As in the case at hand, a district attorney, "'when acting in the prosecutorial capacity [or] instituting criminal proceedings to enforce state law,' is not[.]" the final policymaker. *Mowbray* at 278, citing *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997. Defendant Guerra's involvement in the prosecution of Plaintiffs was as a state officer. Accordingly, Plaintiffs cannot link the cause of their alleged constitutional injury to a municipal policy or custom of Hidalgo County and Plaintiff's claims against Hidalgo County should be dismissed.

3.15 **Plaintiffs' § 1983 claims fail because Plaintiffs have pled no constitutional anchor.** Plaintiffs identify no specific constitutional violation in support of their § 1983 claims. "To state a claim under § 1983 related to the wrongful initiation of criminal charges, the constitutional anchor must be "visible" and clearly identified." *Green v. Rouselle*, 2013 Lexis 54934; 2013 WL 1681989 (Eastern Dist. of Louisiana 2013), citing *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003)(*en banc*). Accordingly, Plaintiffs have not properly stated their claim under § 1983 and such claims fail.

3.16 **Plaintiffs' §§ 1983, 1985 and 1986 claims are barred by the statute of limitations.** The statute of limitations on Plaintiffs' claims brought under 42 U.S.C. §§ 1983, 1985 and 1986 is two years from the date Plaintiffs became aware they had suffered an injury. *Porter v. Charter Medical Corp.*, 957 F.Supp. 1427 (N.D. Tex. 1997). Although Plaintiffs do

not specifically identify a date, their First Amended Complaint alleges that (1) they were indicted and arrested on or about June 18, 2008 (Dkt. #10, ¶¶ 38, 39); (2) during the pendency of the criminal actions Assistant District Attorney Joaquin J. Zamora stated to their criminal counsel that he did not believe a case should be brought against them, but that orders came from the top (Dkt. #10, ¶ 40; and (3) over three years later, on August 10, 2011, the case against them was dismissed for lack of speedy trial (Dkt. #10, ¶ 41). This suggests that Plaintiffs became aware that they had suffered an injury no later than August 10, 2011. Approximately 3 years and 6 months later they filed suit on February 4, 2015 (Dkt. #1). Accordingly, Plaintiffs' claims brought under 42 U.S.C. §§ 1983, 1985 and 1986 are time-barred and should be dismissed.

3.17 **Plaintiffs' State tort claims should be dismissed.** In their Response, Plaintiffs attempt to distinguish the cases cited by these Defendants as examples of intentional torts. These Defendants stand by their argument that these Defendants have not waived immunity for claims arising from intentional torts, by virtue of Texas Civil Practice & Remedies Code § 101.057. Defendants' citations to cases involving private actors are included only to establish that the courts have considered certain causes of action to be intentional torts.[1]

3.18 In alleging that torts against government officials which occur off the job or begin while off the job and continue on the job are not protected by immunity, Plaintiffs are mistaken. They simply misread and misapply the "Off-duty officer" provision of the Texas Tort Claims Act, which provides that the Act does not waive a governmental unit's immunity for a claim arising from the wrongful act, omission, or negligence of a properly commissioned officer who

---

[1] *Firestone Steel Prods. Co. v. Barajas*, 927 S.W.2d 608, 617 (Tex. 1996) (civil conspiracy); *Twyman v. Twyman*, 855 S.W.2d 619, 621-22 (Tex. 1993) (intentional infliction of emotional distress); *Ellis County State Bank v. Keever*, 913 S.W.2d 605, 607 (Tex. App.-Dallas) (malicious prosecution), *rev'd on other grounds*, 915 S.W.2d 478 (Tex. 1995); *Blackstock v. Tatum*, 396 S.W.2d 463, 467 (Tex. Civ. App.-Houston 1965 no writ) (abuse of process).

was not on active duty at the time of the injury. Tex. Civ. Prac. & Rem. Code § 101.065; *Harris Cty. v. Dillard*, 883 S.W.2d 166, 167-8 (Tex. 1994)(no liability for collision caused by off-duty volunteer reserve deputy).  Accordingly, Plaintiffs cannot hold Defendant Guerra liable under Tex. Civ. Prac. & Rem. Code § 101.065 for intentional torts alleged to have occurred before he engaged in his prosecutorial duties.

  3.19 These Defendants reaver that this Court does not have jurisdiction over Plaintiffs' intentional tort claims alleged against County Defendants and such claims should be dismissed.

### 4.0 SUMMARY

  4.1 In summary, for the reasons set out in County Defendants' Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss and for the reasons set out above, County Defendants respectfully re-urge their request that the Court dismiss Plaintiffs' suit against them in its entirety,

  WHEREFORE, PREMISES CONSIDERED, Defendants Rene Guerra and Hidalgo County pray that the Court dismiss Plaintiffs' causes of action against them as set out above, and that these Defendants have such other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

      Respectfully submitted,

      */s/ Preston Henrichson*
      _____
      **PRESTON HENRICHSON**
      **Texas Bar No. 09477000**
      **Federal I.D. # 1922**
      **LAW OFFICES OF PRESTON HENRICHSON, P.C.**
      **Edinburg, TX 78539**
      **Telephone: (956) 383-3535**
      **Facsimile: (956) 383-3585**
      **ATTORNEY IN CHARGE FOR RENE GUERRA, HIDALGO COUNTY SHERIFF'S OFFICE AND HIDALGO COUNTY**

**MARISSA CARRANZA HERNANDEZ**
**Texas Bar No. 24038802**
**Federal I.D. # 561308**
**MACH ATTORNEY AT LAW**
**205 East Mahl**
**Edinburg, TX 78539**
**Telephone:  (956) 386-9733**
**Facsimile: (956) 386-9882**
**OF COUNSEL FOR RENE GUERRA,**
**HIDALGO COUNTY SHERIFF'S OFFICE AND**
**HIDALGO COUNTY**

## CERTIFICATE OF SERVICE

This is to certify that on this the 23rd day of April, 2015, a true and correct copy of the above and foregoing was forwarded via Certified Mail, Return Receipt Requested, via first class mail, or via e-mail through the Electronic Case Filing System, to all counsel of record.

*/s/ Preston Henrichson*

For the Firm

Howard T. Dulmage
LAW OFFICES OF HOWARD T. DULMAGE, PLLC
2323 Clear Lake City Blvd., Suite 180 MB 186
Houston, TX 77062

Joseph Y. Ahmad
AHMAD, ZAVITSANOS & ANAIPAKOS, P.C.
1221 McKinney Street, Suite 3460
Houston, TX 77010

Dan K. Worthington
ATLAS, HALL & RODRIGUEZ, LLP
818 Pecan Blvd.
P.O. Box 3725
McAllen, TX 78502-3725